L. JULIAN SAMUEL, Judge Pro Tem.
Plaintiff Douglas St. Romain, an attorney, filed this action against Jim Kenny and Fireman’s Fund Insurance Company seeking damages for their alleged malicious interference with his business relations. The petition states that the defendants attempted to induce St. Romain’s client to breach the attorney-client contract by settling a claim and keeping the entire amount of the recovery, thus depriving St. Romain of his contingency fee. The plaintiff alleges that such conduct on the part of the defendants created a conflict of interest between himself and his client, and that as a result, he was forced to withdraw as legal counsel. St. Romain prays for damages in the amount he would have recovered had he not been forced to relinquish the case; in the alternative, he asks the trial court to award quantum meruit.
After answering the plaintiff’s suit, Kenny and Fireman’s Fund filed a motion for summary judgment. The trial court granted the motion and dismissed the claim. St. Romain now brings this appeal. We reverse.
Defendants’ motion for summary judgment was urged on the sole contention that St. Romain’s claim was premature, not in the sense in which that word is used in La.C.Civ.Pro. Art. 926, but in the sense that there was not, as yet, a viable cause of action.* Defendant argued that St. Ro-main’s contract with his client was a contingency fee arrangement, and because the client’s suit was still pending, St. Romain was not yet entitled to his fee; thus, he cannot have been deprived of any fee by any act on the part of the defendants.
Reduced to its elements, defendants’ position is that the undisputed facts do not establish a cause of action for malicious interference with business relations. However persuasive that argument may be, defendants have chosen the wrong procedural vehicle by which to raise it. As it was stated in B-W Acceptance Corp. v. Clarkson, 154 So.2d 67, 69 (La.App. 4th Cir. 1963):
“A motion for summary judgment based on insufficiency of allegations cannot be used as a substitute for an exception of vagueness or of no cause of action.
Summary judgment is a more serious matter than a judgment sustaining either of the exceptions. In connection with those exceptions an amendment to the petition must be permitted when the grounds may be removed by amendment (LSA-C.C.P. Arts. 933 and 934) ... a judgment maintaining an exception of no cause of action based on an insufficiency of allegations cannot form the basis of a plea of res judicata (LSA-C.C.P. Art. 934; Federal Ins. Co. v. T.L. James & Co., La.App., 69 So.2d 636; Pannagl v. Stouder, La.App., 34 So.2d 344). On the other hand, in connection with the motion for summary judgment (LSA-C.C.P. Art. 966) there is no requirement that an amendment be permitted under any circumstances; and under LSA-C.C.P. Art. 968 a summary judgment is a final judgment, the effect of which is the same .. as if a trial had been had upon *1165 evidence regularly adduced.’ See also Sinclair Oil & Gas Co. v. Delacroix Corporation, 235 So.2d 187 (La.App. 4th Cir.1970).”
Applying the foregoing principle, we hold that the defendants’ motion for summary judgment, being an improper substitute for an exception of no cause of action, should not have been granted. Accordingly, the judgment of the trial court is reversed and the defendant’s motion for summary judgment is denied. The case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

 This distinction was clearly stated in Halbert v. Klauer, Mfg. Co., 181 So. 75 (La.App. 2d Cir. 1938): "... prematurity must be pleaded in li-mine litis in those cases where the obligation sought to be enforced is existent and certain, and the term stipulated for its fulfillment or discharge has not matured. If, however, the obligation depends upon the happening of an uncertain event, and objection is urged to its enforcement or execution because of the nonoccurrence of that event, the resulting issue of prematurity properly belongs to the merits of the case.” Id. at 79. (Emphasis added).