PER CURIAM.
Granted. The record reflects that on July 22, 1986, the curator moved the trial court to appoint Ronald Armstrong as un-dercurator because “Veronica Noble Cas-cante has resigned her position as undercu-ratrix and it is necessary this court appoint an undercurator herein.” The trial court on the same day appointed Ronald Armstrong as undercurator of the interdict. Although the order did not state expressly that Veronica Noble was removed or that Ronald Armstrong was appointed in her place, we think the order was intended and therefore implicitly had this effect because this was the only reason given for moving the court for its order. Because the majority of the defalcations occurred after the petitioner was removed, the law and evidence do not support the judgment below. La.C.C.P. art. 1972. As such, the trial court erred in not granting petitioner’s motion for a new trial. The judgment of the court of appeal, 592 So.2d 13, is vacated; petitioner’s motion for new trial is granted, and the case is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED FOR NEW TRIAL.
LEMMON, J., concurs with reasons.