ARMSTRONG, Judge.
Plaintiff, Jeannine Galata (“Galata”), appeals from the trial court’s granting summary judgment in favor of her uninsured motorist coverage carrier, Colonial Insurance Company of California (“Colonial”). For the reasons that follow, we affirm.[1]
Jeannine Galata, a resident of Pearling-ton, Mississippi, was injured as a result of an automobile accident which occurred on October 18, 1988 in Hancock County, Mississippi. She filed suit in Civil District Court, New Orleans, naming as defendants Donald Turner, Jr. (“Turner”), the owner and operator of the vehicle which struck her vehicle and a resident of Orleans Parish; Old Hickory Casualty Insurance Company (Automotive Casualty Insurance Company), Turner’s insurer; and Colonial.
Colonial moved for a declaratory judgment requesting the trial court confirm that Mississippi law governs the interpretation of its insurance contract with Galata. A certified copy of the declaration sheet and policy attached to the motion indicates that the insurance policy was written in Waveland, Mississippi, and insured Vincent 0. Galata, husband of plaintiff and resident of Pearlington, Mississippi. By consent judgment dated December 6, 1990, the trial court granted the motion declaring that, Mississippi law would apply as concerning the contract of insurance issued by Colonial to Jeannine Galata’s husband and, further, that Mississippi law would apply as concerning uninsured motorist claims and/or coverage.
Colonial subsequently filed a motion for summary judgment contending that Galata is not entitled to recover benefits under the uninsured or underinsured motorist provisions of the policy. Colonial argued that due to the amounts of insurance involved, Mississippi law does not consider Turner’s vehicle uninsured as to Galata. In its attached statement of uncontested material facts, Colonial stated that, at the time of the accident, 1) it had in full force and effect a policy of insurance issued to Vincent 0. Galata with uninsured motorist coverage in the amount of $10,000 per person or $20,000 per occurrence and liability coverage in the amount of $10,000 per person or $20,000 per occurrence; and 2) Automotive Casualty had in full force and effect a policy of liability insurance insuring Donald Turner with limits in the amount of $10,000 per person or $20,000 per occurrence for bodily injury and $10,000 per person or $20,000 per occurrence for uninsured motorist coverage. Therefore, as Miss.Code Ann. § 83 — 11—103(c)(iii) (Supp.1990), defines an “uninsured vehicle” as “an insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motor *796 ist coverage ... ”, Colonial claimed Turner’s vehicle is not an uninsured vehicle as to Galata because it has bodily injury liability coverage equal to Galata’s uninsured motorist coverage.
In her opposition to the motion Galata argued that summary judgment should be denied because the record contained no evidence of payment to Galata by Turner’s insurer. After due proceedings, the trial court granted Colonial’s motion for summary judgment. Galata filed this appeal.
Appellate courts review summary judgments de novo, under the same criteria that governs the district court’s consideration of the appropriateness of summary judgment. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). The criteria set forth in the Code of Civil Procedure directs that a plaintiff or a defendant in the principal or any incidental actioh, with or without supporting affidavits, may move for summary judgment in his favor for all or a part of the relief for which he has prayed. LSA-C.C.P. art. 966(A). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Sup’rs of Louisiana State University, supra.
On appeal, Galata contends that the trial court erred in finding that, under Mississippi law, Turner’s vehicle is not an uninsured vehicle. Galata estimates her damages as totalling $25,000 to $30,000. She argues that she is entitled to aggregate her uninsured motorist coverage in the amount of $10,000 to Turner’s injury liability coverage limits of $10,000 so that her insurance coverage will total $20,000. Galata contends that if she is precluded from aggregating the insurance coverage, a substantial portion of her damages will not be covered by insurance. Galata also contends that the summary judgment is improper because Turner’s insurance company has not yet paid her claim.
In response, Colonial argues that LSA-C.C. art. 15 provides that, “the form and effect of public and private instruments are governed by the laws and usages of the places where they are cast and executed.” Thus, it asserts that the trial court’s consent judgment accorded with Louisiana law when it resolved that Mississippi law governs both the interpretation of the Galata-Colonial insurance policy and the issue of uninsured motorist coverage. Colonial also asserts the trial court accurately concluded Galata is not legally entitled to recover under the policy because Miss.Code Ann. § 83 — 11—103(c)(iii) (Supp.1990) does not define Turner’s vehicle as an uninsured motor vehicle as to Galata. We agree.
Under Mississippi law, for Galata to recover under the uninsured motorist provision of her policy of insurance, the tort-feasor’s automobile “must be ‘an uninsured motor vehicle’ as defined by the Mississippi Uninsured Motorist Act.” Cossitt v. Federated Guar. Mut. Ins. Co., 541 So.2d 436 (Miss.1989); Wickline v. U.S. Fidelity & Guar. Co., 530 So.2d 708 (Miss.1988). Mississippi’s Uninsured Motorist Act, Miss. Code Ann. § 83-11-103 (Supp.1990), does not use the term “underinsured.” St. Paul Property & Liability Co. v. Nance, 577 So.2d 1238 (Miss.1991). Rather, it incorporates the underinsured motor vehicle concept in its definition of the term “uninsured motor vehicle”:
[A]n insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage ...
(emphasis by Mississippi Supreme Court)
Miss.Code Ann. § 83-11-103(c)(iii) (Supp.1990); Thiac v. State Farm Mut. Auto. *797 Ins. Co., 569 So.2d 1217, 1219 (Miss.1990).[2]
Thus, when determining whether the tortfeasor is uninsured under Miss. Code Ann. § 83-11—103(c)(iii) (Supp.1990), the focus is on the respective “limits” of the insurance policies. Cossitt v. Federated Guar. Mut. Ins. Co., supra., 541 So.2d at 440. The limits of liability coverage on tortfeasor’s insured vehicle is compared to the uninsured limits provided through the injured party’s own coverage. Thiac v. State Farm Mut. Auto. Ins. Co., supra. The tortfeasor is not uninsured/underin-sured as to the injured party where the tortfeasor’s liability coverage is not less than the injured party’s own uninsured motorist coverage. Cossitt v. Federated Guar. Mut. Ins. Co., supra.; Washington v. Georgia American Ins. Co., 540 So.2d 22 (Miss.1989); Wickline v. U.S. Fidelity & Guar. Co., supra. Restated, the tort-feasor is not uninsured or underinsured where the liability limits of his policy is equal to or greater than the injured claimant’s uninsured motorist coverage. Thiac v. State Farm Mut. Auto. Ins. Co., supra.
Applying these precepts to the parties’ policies, we find that as a function of Mississippi law, Turner’s vehicle is not an “uninsured motor vehicle” as to Galata because her uninsured motorist coverage and Turner’s liability limits are equal. See St. Paul Property & Liability Co. v. Nance, supra. While we sympathize with Galata’s situation, the amount of her damages is irrelevant when determining her eligibility for uninsured motorist benefits. Cossitt v. Federated Guar. Mut. Ins. Co., supra. Moreover, as Mississippi law defines an uninsured vehicle in terms of policy limits, as distinguished from the proceeds actually received by a particular claimant, Mississippi law does not support Galata’s contention that summary judgment was inappropriately granted merely because Automotive Casualty has not yet paid her claim. Id. The trial court, therefore, correctly found no genuine issue of material fact exists for trial and Colonial is entitled to summary judgment as a matter of law.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are taxed to plaintiff/appellant.
AFFIRMED.

. Our ruling renders plaintiffs argument on the issue of offset moot.

. Mississippi’s present statutory scheme allows a motorist to protect himself with uninsured motorist coverage "to the. extent of whatever limits [he] deems appropriate." Thiac v. State Farm Mut. Auto. Ins. Co., supra., 569 So.2d at 1219. An injured motorist is, therefore, "not dependent on the fortuitousness of the amount of insurance covering the tortfeasor. If the tort-feasor has coverage less than the coverage obtained by the injured party, the tortfeasor is underinsured.” Id.