DOUCET, Judge.
This is an appeal from the grant of a motion for summary judgment.
Plaintiffs, William and Elizabeth Woodward (Woodwards), filed suit on September 2, 1992, in district court, against defendants, Robert and Melinda Tadlock (Tad-locks), to enjoin the Tadlocks from constructing a bulkhead, wharf, and boathouse on Prien Lake. On September 11, 1992, the Tadlocks filed an answer and a motion for summary judgment. The record does not reflect that a hearing date was set for the motion for summary judgment. Defendants’ motion for summary judgment states that the motion must be granted because the plaintiffs have no right or cause of action against the defendants. The memorandum in support of the motion argues that because the U.S. Army Corps of Engineers (Corps of Engineers) granted the Tadlocks’ permit application to build, then “Louisiana district courts are without authority to inquire into the propriety of granting such and [sic] order and have no authority to substitute their opinions for the discretion vested in the Corps of Engineers.” The Woodwards’ petition for preliminary injunction was set for hearing on September 24, 1992. The Woodwards supplemented their petition on September 11, 1992, to ask for a temporary restraining order (TRO) alleging that construction had already begun. The TRO was granted after bond was posted on September 22,1992. The Tadlocks then filed a motion to dissolve the TRO on September 23, 1992, and the matter was scheduled for hearing on October 5, 1992.
At a hearing on September 28, 1992, on the motion for summary judgment, the trial court allowed the Tadlocks’ counsel to introduce a copy of a permit granted to the Tadlocks by the Corps of Engineers. The trial court then dissolved the TRO and dismissed the case. Judgment was rendered in favor of the defendants on October 1, 1992. Plaintiffs appeal alleging that the trial court erred in: 1) deciding that it lacked subject matter jurisdiction; 2) accepting an unsworn copy of the Corps of Engineers’ permit at the hearing and after arguments; and, 3) conducting a hearing on a motion for summary judgment without prior written notice and without service by the sheriff.
The Tadlocks, in their motion for summary judgment and memorandum in support of the motion, state that the Wood-wards had no cause or right of action and lacked subject matter jurisdiction. These are matters properly raised by exceptions. The use of summary judgment to raise these exceptions is improper. See Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3 Cir.1990). See also St. Romain v. Kenny, 454 So.2d 1163 (La.App. 4 Cir.1984). When exceptions of no cause of action, no right of action or lack of subject matter jurisdiction are granted, the plaintiff must be given the opportunity to amend the petition where the grounds of the exception may be removed by amendment. C.C.P. arts. 932 and 934. On the other hand, amendment is not allowed to overcome the grant of a motion for summary judgment. A summary judgment is a final judgment. It has the same effect as if a trial on the merits had taken place. C.C.P. art. 968; Sinclair Oil & Gas Company v. Delacroix Corporation, 235 So.2d 187 (La.App.1970).
Thus it has been reasoned that when there is an insufficiency of the allegations, all of the material facts cannot be before the court and the court cannot possibly decide under such circumstances whether or not there exists a genuine issue of material fact.7
(footnote omitted)
Id. at 190.
Accordingly, the defendants “have chosen the wrong procedural vehicle in which to ride.”

Id.

*877 As a result, we find that the trial court erred in granting the defendants’ motion for summary judgment. Accordingly, the judgment of the trial court is reversed. Defendants’ motion for summary judgment is denied. The case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KNOLL, J., concurs and assigns reasons.
COOKS, J., concurs for reasons assigned by KNOLL, J.