635 So.2d 1199 (1994)
Veronica NOBLE
v.
Julie ARMSTRONG, Mavis Early, Robert Early, and the Estate of James Armstrong.
No. 93-CA-841.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1994.
*1201 James E. Shields, a Professional Law Corp., Gretna, for plaintiff-appellant Veronica Noble.
Nelson W. Wagar, III, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendants-appellees Robert Early and Mavis Early.
Mavis S. Early, Wooten, Saunders & Markle, APC, New Orleans, for defendants-appellees Julie M. Armstrong and Estate of James Armstrong.
Before KLIEBERT, C.J., and GOTHARD and CANNELLA, JJ.
KLIEBERT, Chief Judge.
This is an appeal from the trial court's granting of the defendants' motions for summary judgment dismissing the plaintiff-appellant's suit against the defendants-appellees. In 1983, James Armstrong was adjudged an interdict after being severely injured in an automobile accident. Joseph Cascante, James Armstrong's brother, was appointed curator for the interdict on January 21, 1983. On May 1, 1985, Veronica Noble, the former wife of Joseph Cascante, was named provisional undercuratrix and, on July 25, 1985, she was appointed undercuratrix. By court order, the curator was authorized to compromise and settle the interdict's claims for personal injuries for the amount of $1,530,000. On July 22, 1986, Ronald Armstrong, James Armstrong's brother, was appointed undercurator for the interdict, thereby replacing Veronica Noble in that capacity. On March 1, 1990, Julie Armstrong, the mother of James Armstrong, was appointed curatrix of the interdict, replacing Joseph Cascante in that capacity.
On August 3, 1990, Julie Armstrong, in her capacity as curatrix of James Armstrong, sued Veronica Noble, Joseph Cascante, Ronald Armstrong, and State Farm Fire and Casualty Company (the "Armstrong" litigation) for the misappropriation of the assets in the interdict's estate and expenditure of the interdict's funds without proper court authority. On September 24, 1990, a default judgment in the Armstrong litigation was entered against Veronica Noble in the amount of $705,406.47. Noble appealed the default *1202 judgment on the grounds that the default was obtained by methods prohibited by La.-C.C.P. Article 2004, i.e., ill practices and the lack of sufficient evidence to support the judgment. On October 16, 1991, this Court found that the trial judge had not erred in granting the default judgment against Ms. Noble and therefore affirmed the judgment. Noble applied for writs of certiorari and/or review to the Supreme Court of Louisiana. On April 3, 1992, the Supreme Court of Louisiana vacated the judgment, granted Noble's motion for a new trial, and remanded the case for further proceedings. In re the Interdiction of James M. Armstrong, 596 So.2d 822 (La.1992).
After the granting of the default judgment in the Armstrong litigation and before the rendition of this Court's decision and the Supreme Court's decision in that litigation, Noble sued Julie Armstrong, Mavis Early, Robert Early, and the Estate of James Armstrong for monetary damages she alleges to have suffered as a result of those defendants' actions in connection with the Armstrong litigation. Defendants, Mavis Early and Robert Early, were the attorneys who represented Julie Armstrong, as curator for the interdict, in the Armstrong litigation.
The defendants-appellees in this case filed an answer denying most of the allegations contained in the plaintiff's petition, admitting however that a default judgment for $705,406.47 was obtained against Noble in the Armstrong litigation.
The defendants-appellees in this action filed motions for summary judgment. The trial court granted the defendants' motions for summary judgment, from which the plaintiff has appealed.
The defendants contend that the plaintiff's claim against them is for malicious prosecution of the Armstrong litigation. They argue that the termination of the Armstrong litigation in favor of Ms. Noble is a necessary element of her malicious prosecution suit and, since the underlying litigation (the Armstrong litigation) is still pending, the plaintiff's suit against them should be dismissed as a matter of law.
Appellant argues that her suit is not one for malicious prosecution but rather seeks damages for willful and/or negligent and/or fraudulent actions of the defendants and for the breach of an agreement not to default her in the Armstrong litigation.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.-C.C.P. Article 966. Summary judgment should be used cautiously and any reasonable doubt should be resolved against the mover in favor of a full trial on the merits. Smith v. Estrade, 589 So.2d 1158 (5th Cir.1991). Pleadings, affidavits, and documents filed by a summary judgment movant must be scrutinized closely while those of the opponent are treated indulgently. Urbeso v. Bryan, 583 So.2d 114 (4th Cir.1991). Any decision as to the propriety of granting summary judgment motion must be made with reference to the substantive law applicable to the case. Security Homestead Federal Savings Corp. v. Ullo, 589 So.2d 5 (5th Cir.1991).
A fact is material if it is essential to plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Roadrunner Motor Rebuilders v. Ryan, 603 So.2d 214 (1st Cir.1992). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. Sun Belt Constructors v. T & R Dragline, 527 So.2d 350 (5th Cir.1988). Appellate courts review summary judgments de novo under the same criteria that govern district court's consideration of appropriateness of summary judgment. Galata v. Turner, 602 So.2d 794 (4th Cir.1992).
One of the six elements of a malicious prosecution action is the bona fide termination *1203 of the civil or criminal proceeding instituted against the present plaintiff in favor of the present plaintiff. Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). The original party defendant may bring an action for malicious prosecution against the original party plaintiff only after such a favorable termination and a malicious prosecution action instituted prior to such favorable termination would be premature. Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2nd Cir.1982).
Plaintiff's petition does not allege the favorable termination of the Armstrong litigation in plaintiff's favor. Thus, plaintiff's petition fails to state a cause of action for malicious prosecution. Although the defendants' legal argument is correct, the defendants chose to raise these deficiencies by summary judgment.
A motion for summary judgment based on insufficiency of allegations cannot be used as a substitute for an exception of vagueness or of no cause of action. St. Romain v. Kenny, 454 So.2d 1163 (4th Cir. 1984). The present case is before us on a summary judgment which was properly granted only if there was no genuine issue of material fact considering the pleadings and other documents of record. No affidavits or supporting documents were filed in support of or in opposition to the motions. Based only on the pleadings before us, there are genuine issues of material fact and the granting of the motions for summary judgment was improper.
Although we cannot raise the exception of prematurity (which may have been waived by the defendants' general appearance), we can raise ex proprio motu the exception of no cause of action. La.-C.C.P. Article 927. In doing so, we must consider plaintiff's petition to determine whether or not it attempts to state a cause of action other than one for malicious prosecution and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency. Hero Lands v. Texaco, 310 So.2d 93 (La.1975). From our review of the allegations in plaintiff's petition, it appears that plaintiff's petition states or attempted to state a cause of action other than one for malicious prosecution.
The defendants' motions for summary judgment, being used as a substitute for an exception of prematurity or an exception of no cause of action, should not have been granted. Accordingly, the judgment of the trial court is reversed and the defendants' motions for summary judgment are denied. This case is remanded to the trial court for further proceedings consistent with this opinion. Appellees are cast with all costs of this appeal.
REVERSED AND REMANDED.
GOTHARD and CANNELLA, JJ., concur.
CANNELLA, Judge, concurring.
I concur in the opinion insofar as it reversed the lower court judgment granting the summary judgment motions and dismissing plaintiff's entire case. While I agree that an action for malicious prosecution is premature until after the finality of the initial suit which gave rise to the action, in my view plaintiff has made allegations in her petition that go beyond a malicious prosecution action or that state a cause of action in addition to a malicious prosecution action. To that extent, plaintiff's suit should not be dismissed.
GOTHARD, J., joins in this concurring opinion.