ROBERT J. BURNS, Judge Pro Tern.
| iNella Ludwig died on January 23, 1993, leaving two children, Joyce Ludwig Spruiell (appellant) and Edward Boland Ludwig, Jr. Nella Ludwig executed a last will and testament, in statutory form, dated December 4, 1986, which was duly probated in her succession proceeding. In the will Nella Ludwig expressed her desire to disinherit her daughter Joyce. The grounds for disinherison asserted in the will included failure to communicate for a period of two years without just cause and cruelty. The alleged cruelty consisted of the following acts: (1) “abusive” and “disrespectful” conduct; (2) “ingratitude”; (3) making “accusations against me of an unethical and criminal nature”; (4) making Nella a defendant in a lawsuit and accusing her of “breaching fiduciary duties, and acting fraudulently”; and (5) causing her “grievous injury, distress and embarrassment”. On July 1, 1990 Nella Ludwig executed a codicil to her last will in which she repeated her desire that Joyce “not inherit any of the property in my estate”.
Joyce Ludwig Spruiell appeals from judgments in these consolidated matters declaring her to be disinherited from the estate of her mother, Nella Ludwig, and also declaring her to be an ^unworthy heir in her mother’s succession. Both judgments were rendered in response to motions for summary judgement filed in the respective matters. Finding that the summary judgments were improperly granted, we reverse and remand for trial on the merits.
I. SUMMARY JUDGMENTS
Summary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the moving party is entitled to judgment as a matter of law. La.C.C.P. art. 966. However, summary judgments are not favored and any doubt should be resolved against the granting thereof. Jewell v. Thompson, 386 So.2d 689, 692 (La.App. 3rd Cir.1980). Pleadings, affidavits, and documents filed by a summary judgment movant must be scrutinized closely while those of the opponent are treated indulgently. Noble v. Armstrong, 93-841 (La.App. 5th Cir. 3/16/1994) 635 So.2d 1199,1202. The applicable substantive law determines whether or not a particular fact in dispute is material for summary judgment purposes. Succession of Lawrence, 623 So.2d 96, 100 (La.App. 1st Cir.1993).
II. HISTORY OF FAMILY LITIGATION
.. In 1985, Joyce Ludwig Spruiell and her children filed four separate shareholder derivative actions against Nella Ludwig, Edward Boland Ludwig, Jr. and five family corporations seeking damages as a result of transfers of immovable property to the detriment of the corporations. In response, Nella Ludwig filed suit against Joyce Ludwig Spruiell and her children to revoke donations of stock made by Nella to them. The basis for the revocation suit was ingratitude. Joyce Ludwig Spruiell filed a reconventional demand in the revocation suit alleging that her mother’s action to rescind the donations amounted to a “wilful, | -¡deliberate and intentional intent to eliminate Joyce’s interest in the various corporations and real properties involved”. Additionally, Joyce alleged that “said attempt violates 18 U.S.C., s 1964”. This provision is commonly referred to as RICO or the Racketeer Influenced and Corrupt Organizations Act.
*889 The trial court (in the 1985 revocation suit) found that Joyce had committed grievous injury towards her mother sufficient to revoke the donations under La.C.C. art. 1559 and La.C.C. art. 1560. The trial court’s decision was affirmed in Spruiell v. Ludwig, 568 So.2d 133 (La.App. 5th Cir.1990).
III. UNWORTHINESS
The substantive unworthiness of heirs law is expressed in Louisiana Civil Code articles 964 and 966. An unworthy heir is one who by the failure in some duty towards a person does not deserve to inherit from him. La. C.C. art. 964. A person may be declared unworthy if he has brought against the deceased some accusation found calumnious, which tended to subject the deceased to an infamous or capitol punishment. La.C.C. art. 966(2).
In the unworthiness action Edward Ludwig, Jr. alleged that Joyce had brought calumnious accusations against Nella Ludwig which tended to subject her to infamous punishment. This allegation was based on the accusations made by Joyce Ludwig Spruiell against Nella Ludwig in the shareholder’s derivative suit and in the suit to revoke the donations. In particular, the accusation that Nella Ludwig had violated the provisions of RICO. Edward Ludwig, Jr. supported this argument with the finding of the 5th Circuit in Spruiell that the reconventional demand contained “implied unfounded claims of criminal activity”.
The trial court, in its reasons for judgment, stated that “[biased upon the judicial determinations of the Fifth Circuit Court of Appeal there is no question that defendant, Joyce Spruiell, brought false criminal charges against her mother”. The court further concluded that this conduct fell under La.C.C. art. 966(2) and, therefore, declared Joyce unworthy to be called to her | ^mother’s succession.
The trial court should not have relied exclusively on the findings of the Fifth Circuit in Spruiell. The trial court must make its own determinations after a trial on the merits.[1] Based on the record before us, there are genuine issues of material fact with regard to the allegations made by Edward Ludwig, Jr. in his petition to declare Joyce an unworthy heir. Consequently, he was not entitled to- a summary judgment.
IV. DISINHERISON
La.C.C. art. 1617 provides that forced heirs may be deprived of their legitime for just cause. Just causes include cruelty or grievous injury and failure to communicate with the parent for two years without just cause. La.C.C. art. 1621(2) and (12). When the testator expresses in a will the reasons for disinherison, the forced heir so disinherited is obliged to prove that such cause did not exist or that there was a reconciliation between the testator and the forced heir. La. C.C. art. 1624.
In her will of December 4, 1986, Mrs. Ludwig expressly stated that she intended to disinherit Joyce for failure to communicate and for cruelty. Based on the language of the will and the presumption that such causes for disinherison exist, Edward Ludwig, Jr. filed a motion for summary judgment. The trial court inappropriately granted such motion.
In response to the motion for summary judgment Joyce Ludwig Spruiell produced evidence indicating that the causes for disin-herison listed in the will did not exist. The evidence consisted of Joyce’s verified responses to interrogatories and excerpts from the depositions of Sanford Ingram and Min-nette Starts. Treating the documents with “indulgence” leads to the conclusion that there are genuine issues of material fact that preclude summary judgment.
For the reasons assigned, we reverse both judgments of the | stria! court and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.

. The unworthiness action is not res judicata as it involves different parties with different legal principles to be applied.