[¡jCANNELLA, Judge.
Plaintiff, Veronica Noble, appeals from a judgment denying her a trial by jury and dismissing the merits of her damage suit against defendants, Julie Armstrong, the Es *1281 tate of James Armstrong, Mavis Early and Robert Early. We affirm.
The preliminary facts of this case are set out in Noble v. Armstrong, 93-841 (La.App. 5th Cir. 3/16/94), 635 So.2d 1199, 1201-1202, as follows:
In 1983 James Armstrong was adjudged an interdict after being severely injured in an automobile accident. Joseph Cascante, James Armstrong’s brother, was appointed curator for the interdict on January 21, 1983. On May 1, 1985, Veronica Noble, the former wife of Joseph Cascante, was named provisional undereuratrix and, on July 25, 1985, she was appointed undercu-ratrix. By court order, the curator was authorized to compromise and settle the interdict’s claims for personal injuries for the amount of $1,530,000. On July 22, 1986, Ronald Armstrong, James Armstrong’s brother, was appointed undercurator for the interdict, thereby replacing Veronica Noble in that capacity. On March 1, 1990, Julie Armstrong, the mother of James Armstrong, was appointed cu-ratrix of the interdict, replacing Joseph Cascante in that capacity.
_JjOn August 3,1990, Julie Armstrong, in her capacity as curatrix of James Armstrong, sued Veronica Noble, Joseph Cas-cante, Ronald Armstrong, and State Farm Fire and Casualty Company (the “Armstrong” litigation) for the misappropriation of the assets in the interdict’s estate and expenditure of the interdict’s funds without proper court authority. On September 24, 1990, a default judgment in the Armstrong litigation was entered against Veronica Noble in the amount of $705,406.47. Noble appealed the default judgment on the grounds that the default was obtained by methods prohibited by La.-C.C.P. Article 2004, i.e., ill practices and the lack of sufficient evidence to support the judgment. On October 16,1991, this Court found that the trial judge had not erred in granting the default judgment against Ms. Noble and therefore affirmed the judgment. Noble applied for writs of certiorari and/or review to the Supreme Court of Louisiana. On April 3, 1992, the Supreme Court of Louisiana vacated the judgment, granted Noble’s motion for a new trial, and remanded the case for further proceedings. In re the Interdiction of James M. Armstrong, 596 So.2d 822 (La.1992).
After the granting of the default judgment in the Armstrong litigation and before the rendition of this Court’s decision and the Supreme Court’s decision in that litigation, Noble sued Julie Armstrong, Mavis Early, Robert Early, and the Estate of James Armstrong for monetary damages she alleges to have suffered as a result of those defendants’ actions in connection with the Armstrong litigation. Defendants, Mavis Early and Robert Early, were the attorneys who represented Julie Armstrong, as curator for the interdict, in the Armstrong litigation.
The defendants-appellees in this case filed an answer denying most of the allegations contained in the plaintiffs petition, admitting however that a default judgment for $705,406.47 was obtained against Noble in the Armstrong litigation.
The defendants-appellees in this action filed motions for summary judgment. The trial court granted the defendants’ motions for summary judgment, from which the plaintiff has appealed. [Emphasis Added]
In the above case, on March 16, 1994, this court reversed the summary judgment and remanded for further proceedings consistent with the opinion.
Trial on the merits was set for March 28, 1995. When the case was called, for trial, plaintiff objected to proceeding without a jury to adjudicate the matter. The trial judge considered plaintiffs request and denied it because he said that Civil Rule VII, Section 3(a) of the Local Rules of the 24th Judicial District Court had not been followed. The rule states:
14“... all orders for a jury trial shall be presented to the judge to whom the case is allotted. Such order shall bear the endorsement of the clerk that all costs and advance deposits required by the Clerk of Court have been paid, and also, that the $84 Civil Juror Filing Fee has been paid to the Clerk of Court, Parish of Jefferson.”
*1282 Plaintiff was asked to call her first witness. She asked for permission to apply for writs on the issue of whether she was entitled to a jury trial and she asked for a stay. The request for writs was granted and for a stay was denied. Plaintiff was again asked by the trial judge to call her first witness and she again declined. The trial court found that plaintiff had abandoned her case and dismissed it, with prejudice. A judgment was signed on April 6, 1995. It is from this judgment that plaintiff now appeals.
Plaintiff contends that on March 21, 1995, one week before the trial date (March 28, 1995), she paid a $300 deposit to the Clerk of Court for the 24th Judicial District Court. Then, before the trial began, plaintiff requested that the ease be tried before a jury. It was denied. Counsel for plaintiff asked for a recess to discuss a possible settlement. The recess was granted. When the parties returned, counsel for plaintiff requested that the trial court reconsider the denial of the jury trial request and he asked to put on the testimony of the Clerk of Court. The trial judge responded that he did not question that plaintiff paid the $300, but since there was no jury order signed by him, the jury trial request was again denied. There was further discussion and argument, following which, plaintiff stated her intention to take writs, asked to proffer the testimony of the Clerk of Court and requested a stay. The trial judge stated that plaintiff could take writs, but he would not stay the trial and plaintiff could not proffer the testimony. Plaintiffs counsel then asked for a second recess to again attempt a settlement. The trial judge granted the request. Upon the return of the parties, plaintiff’s counsel stated:
... The plaintiff wished a jury trial as we all know. The plaintiff | swishes only to have a jury trial today or no trial at all. Plaintiff does not wish to dismiss her case, but if the Court so wishes, let me state for the reeord, as I appreciate it, we have asked for a continuance to allow time for writs and been denied. We’ve also in fact asked for those writs. The question of whether or not she’s entitled to a jury with the record as it stands now. If the Court wishes to dismiss the case, the plaintiff has indicated to me as her co-counsel — as her new counsel that she would prefer not to proceed in order to appeal that judgment rather than be forced to proceed to trial and then perhaps have to appeal that verdict.
Defendants argued that the case should be dismissed if plaintiff refused to continue with the trial since they were ready to proceed. The trial judge concluded, as follows:
I consider this case to be abandoned for failure to prosecute. The plaintiff has refused to call their first witness. This case is therefore considered abandoned. I dismiss this ease with full prejudice. The defense will prepare a judgment for my signature.
On April 6, 1995, the trial judge signed a judgment reciting these facts and dismissing plaintiff’s case with prejudice.
On appeal, plaintiff asserts that the trial judge erred in denying her request for a jury trial, in refusing to allow her to proffer the testimony of the Clerk of Court and in refusing to stay the proceedings pending her application for supervisory writs.
In her argument, plaintiff asserts that the trial judge erred in denying the jury trial because she prayed for a jury trial in her petition. In addition, she filed a Motion for Reconsideration and Reinstatement on the Jury Trial Court’s Docket in April 1991, after the summary judgment was granted dismissing this case, but before it was reversed in Noble v. Armstrong, 93-841 (La.App. 5th Cir. 3/16/94), 635 So.2d 1199. The motion was denied, but plaintiff asserts that it indicates that everyone knew that she was requesting a jury trial. Further, she contends that the remand from the appellate court was for a trial by jury. In addition, she claims that she deposited a $300 bond for the jury, according to the directions received from the Clerk of Court.
| ¡¡Defendants argue that the trial judge did not err in denying the request for jury trial. They note that they filed a Motion to Set For Trial on the Merits with the Clerk of Court requesting a non-jury trial and that this motion was granted and sent to the parties. *1283 They contend that plaintiff failed to obtain a jury order and also failed to post the $84 civil juror filing fee as required by the Rules of the district court. Defendants assert that plaintiff asked for three recesses and the trial judge asked plaintiff to commence her case five separate times. They contend that the trial court was within his authority and discretion in requiring plaintiff to abide by its written procedures for jury trials and in dismissing her case will prejudice when she refused to follow the direct orders of the court to begin her trial. Further, they argue that the trial judge did not err in denying a further continuance to allow writs to be taken or by proffering the testimony of the Clerk of Court.
In order to be entitled to a jury trial, a party must follow the procedures set out in the Code of Civil Procedure and in the local Rules of court. When the procedural requirements are not met, the trial judge has discretion to deny the trial by jury. See: Revel v. Telecheck Louisiana, 581 So.2d 405, 407 (La.App. 4th Cir.1991); King v. Aetna Life & Casualty, 552 So.2d 73 (La.App. 3rd Cir.1989); Callahan v. Anheuser-Busch, Inc., 535 So.2d 482 (La.App. 4th Cir.1988); Scott v. Hardware Mutual Insurance, 207 So.2d 817, 818 (La.App. 1st Cir.1968). Furthermore, the “rules of court have the same validity and authority as laws and are binding upon litigants and judges as well.” Brumfield v. Brumfield, 178 So.2d 379, 383 (La.App. 1st Cir.1965).
Defendants filed a Motion To Set for Trial On The Merits on September 28, 1994. Above the signature of mover, Nelson W. Wagar, III, is:
Mover certifies that a copy hereof has been mailed to all counsel of record before submission to the Court.
In the motion two days are estimated for the time of trial and the trial is ^designated by an “X” as non-jury. As a result of this motion, on October 16, 1994, the trial judge set a pre-trial conference on “Fri., February 17,1995 at 9:30 a.m.” and “trial on the merits at 10:00 a.m. on the 28 and 29 of March 1995.”
The pre-trial orders, submitted by defendants on February 15 and 16, 1994 and by plaintiff on February 16, 1994 (amended on March 23, 1994), are silent about whether it is a judge or jury trial.
Although plaintiff asked for a jury trial in her petition, she failed to obtain an order from the trial judge granting her request. The Twenty-Fourth Judicial District Court Rules, Rule 7, Sec. 3(A) require a jury order to be stamped by the Clerk of Court that costs are paid. The trial court stated that an order is a prerequisite for a jury trial under the Rules. In addition, it was noted during the hearing that plaintiff failed to pay the $84 filing fee. Although plaintiff contends she paid the $300 for the jury on March 21,1995, one week before trial, there is no evidence of this fact. However, the trial judge accepted the allegation in argument. Nevertheless, under the Court Rules, payment for jury costs is $300 per day for the estimated days of trial. The record shows that at least two days would have been required, as supported by defendant’s Motion to Set For Trial On The Merits. Therefore, the deposit should have been at least $600. Thus, at least three Rules of the district court were not met. Although plaintiff claims that everyone knew that there was supposed to be a jury trial, defendants filed a Motion to Set For Trial on the non-jury docket. Clearly, defendants were not expecting a jury trial. In addition, in the previous appeal by plaintiff to this court, we remanded for “further proceedings consistent with this opinion.” We did not state that the ease was remanded for a jury trial, as alleged by plaintiff. Under these circumstances, we find that the trial judge did not err in denying plaintiffs request for a jury trial.
Plaintiff next asserts that the trial judge erred in not allowing her to proffer lathe testimony of the Clerk of Court. It is clear that the trial judge believed that she posted the $300 deposit. In addition, no one disputed that plaintiffs attorney asked the Clerk what he needed to do to perfect the jury. Thus, the testimony of the Clerk of Court would provide no new evidence. Therefore, it is within the discretion of the *1284 trial court to limit his testimony and we find that he did not err.
The third issue presented by plaintiff is whether the trial judge erred in refusing to stay or continue the case pending the application for supervisory writs on the jury issue. The trial judge has the right to control his docket. Thus, the denial or granting of continuances is within his discretion. Furthermore, the trial judge has discretion to deny a continuance and dismiss the case, if plaintiff fails to put on evidence after being reasonably denied a continuance. See: Young v. Bayou Steel Corp., 588 So.2d 171 (La.App. 5th Cir.1991); U.S. Mach. & Equipment Co. v. Kerschner, etc., 342 So.2d 1278 (La.App. 4th Cir.1977). Here, plaintiff requested three short recesses or continuances. After the trial judge denied the jury trial request, he ordered her to proceed. Plaintiff indicated that she would take writs and requested a stay of the proceedings. The trial judge stated that she could take writs, but he would not stay the matter and ordered her to call her first witness. The argument continued and the trial judge ordered her to proceed with her case four more times. Plaintiff did not apply for writs and refused to go forward with her case.
After our review, we find that the trial judge reasonably exercised his discretion and did not err in refusing to stay the trial. Further, since plaintiff failed to put on evidence, we find that the trial judge did not err in dismissing her case, with prejudice. The matter was ready for trial. Plaintiff should have gone forward with trial, applied for writs or appealed both the denial of the jury trial and the merits following the trial. By refusing to put on evidence, plaintiff abandoned her case.
| sAccordingly, the judgment of the trial court is hereby affirmed.
Costs of these proceedings are to be paid by appellant.

AFFIRMED.