**CORRECTED COPY**

| | | |
|---|---|---|
| **STANLEY JORDAN** | * | **NO. 2021-CA-0533** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CHASE BANK &** | * | |
| **WASHINGTON MUTUAL** | | **FOURTH CIRCUIT** |
| **HOMEOWNERS** | * | |
| **DEPARTMENT** | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11533, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Pro Tempore Lynn M. Luker, Pro Tempore Judge Madeline Jasmine)

*LEDET, J., DISSENTS WITH REASONS*

Stanley Jordan, Sr.
6072 Warrington Drive
New Orleans, LA 70122

      PLAINTIFF/APPELLANT, IN PROPER PERSON

Barry H. Grodsky
TAGGART MORTON, L.L.C.
1100 Poydras Street
Suite 2100
New Orleans, LA 70163

      COUNSEL FOR DEFENDANT/APPELLEE

          **REVERSED, VACATED AND REMANDED**

              **MAY 25, 2022**

Plaintiff/appellant, Stanley Jordan ("Plaintiff"), appeals the district court's judgment granting the motion for summary judgment for lack of subject matter jurisdiction and sustaining the exception of prescription filed by defendant/appellee, JPMorgan Chase Bank, N.A. ("Chase"), and dismissing Plaintiff's petition against Chase in its entirety. For the reasons that follow, we vacate the district court's judgment and remand this matter for further proceedings.

Plaintiff filed the instant suit on November 15, 2018. The pro se petition named "Chase Bank" and "Washington Mutual Homeowners Department"[1] as defendants. The petition alleged that Plaintiff and his construction company, S+S Jordan Brothers Construction ("Construction Company"), spent $120,000.00 to rebuild a home destroyed by Hurricane Katrina in 2005. The petition also alleged that "Washington Mutual" disbursed $20,000.00 of the flood insurance proceeds for the first quarter of construction but held back $63,000.00 of the proceeds pending Plaintiff and Construction Company's participation in the Road Home Program. Delays in the distribution of the funds by Washington Mutual coupled with Chase improperly requiring Plaintiff to pay his mortgage for three years after

_____

[1] "Washington Mutual Homeowners Department" is named in the caption of the case, whereas the allegations of the petition refer to this defendant as "Washington Mutual."

1

the 2005 hurricane allegedly caused damage to the Plaintiff. Plaintiff attached two escrow disbursement checks from Washington Mutual to the petition: (1) a check dated March 13, 2006 for $26,666.66 and (2) a check dated December 3, 2007 for $62,427.51. The petition further alleged that Chase Bank owes Plaintiff and Construction Company for all repairs to the house, starting in 2005.

Plaintiff requested service of the petition on "JPMorgan Chase Bank" at a Phoenix, Arizona post office box. Service was not requested on Washington Mutual. Chase filed an exception of insufficiency of service of process or alternatively, motion for involuntary dismissal and exception of lack of personal jurisdiction. In the exception and motion, Chase asserted that proper service of process had not been made on it since Plaintiff had failed to serve its registered agent for service and the district court therefore lacked personal jurisdiction over Chase. Plaintiff thereafter requested and obtained service on Chase's registered agent.

After Chase filed an answer, Plaintiff moved to set the case for trial, and trial was set for July 14, 2021. During a status conference conducted on February 10, 2021, Chase's counsel advised he would be filing a motion for summary judgment within a week that would raise the issues of failure to exhaust administrative remedies and prescription. Plaintiff asserted that Washington Mutual withheld funds that belonged to him and improperly required him to pay his mortgage for three years after Hurricane Katrina. After the trial judge inquired about the possibility of settling the case, Chase's counsel stated that he would discuss making a settlement offer with Chase. The judge asked counsel, "if [Chase] [was] inclined to entertain a settlement offer for the benefit of resolving this case," to transmit a settlement offer to Plaintiff by March 30, 2021.

2

On March 5, 2021, Chase filed a motion for summary judgment and a peremptory exception of prescription. In the motion for summary judgment, Chase argued that Plaintiff's causes of action are functionally against Washington Mutual, a failed bank placed into receivership with the Federal Deposit Insurance Corporation ("FDIC"), and that under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821, *et seq.*, Plaintiff was required to exhaust his administrative remedies before filing suit, and having failed to do so, the district court lacked subject matter jurisdiction.[2]  In its exception, Chase asserted that since Washington Mutual's last disbursement to Plaintiff was made on December 3, 2007, any claim relating to the loan made to Plaintiff, whether in tort or contract, prescribed by December 3, 2017, before suit was filed on November 15, 2018. Plaintiff did not file an opposition to either the motion for summary judgment or the exception of prescription.

The district court granted summary judgment in Chase's favor and sustained Chase's exception of prescription in open court on May 21, 2021. A formal judgment granting summary judgment and sustaining the exception of prescription

---

[2] On September 25, 2008, Washington Mutual Bank was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation was named receiver. Subsequent to the closure, Chase acquired the assets and most of the liabilities, including covered bonds and other secured debt, of Washington Mutual Bank from the FDIC as Receiver for Washington Mutual Bank. *See https://www.fdic.gov/Bank/individual/failed/wamu.html.* The section of FIRREA pertaining to an administrative remedy is found in 12 U.S.C. § 1821(d)(13)(D)(i) & (ii) which states:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [Federal Deposit Insurance] Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

and dismissing the action with prejudice was signed on July 2, 2021. This appeal follows.

The appellate brief filed by Plaintiff contains no assignments of error. Nor does the brief address any of the issues raised in Chase's motion for summary judgment and exception of prescription. In his brief, Plaintiff explains the reason he filed the present appeal. According to Plaintiff, Chase was "order[ed]" at the February 10, 2021 status conference to make a settlement proposal by March 31, 2021; but instead of making a settlement offer, Chase moved for dismissal of the lawsuit.[3]

**Motion for Summary Judgment**

An appellate court reviews a district court's ruling on a motion for summary judgment using the *de novo* standard of review. *Smith v. H & E Tugs LLC*, 18-0424, p. 3 (La. App. 4 Cir. 10/24/18), 258 So.3d 159, 161. The summary judgment procedure is favored, and "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(2)-(3). The applicable burden of proof is as follows:

---

[3] Plaintiff maintains that at the status conference, the district court ordered Chase to make a settlement offer to Plaintiff by March 31, 2021. A review of the transcript reveals that the district judge asked counsel, that if Chase was interested in making a settlement offer to resolve the case, to make the offer by the end of March 2021:

> I would ask that you get some offer in place if you[r] client is so inclined to do that. If your client is not inclined to submit an offer, then obviously we'll just have to go through our normal processes that's allowed under Louisiana Law. If your client is inclined to entertain a settlement offer for the benefit of resolving this case, then I would ask that you get that information to Mr. Jordan no later than March 30, 2021.

The court did not order Chase to make a settlement offer before filing dispositive motions.

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La. C.C.P. art. 966(D)(1).

Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2; *Amin v. Bakhaty*, 01-1967, p. 6 (La. 10/16/01), 798 So.2d 75, 80. "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void." La. C.C.P. art. 3; *see also Williams v. International Offshore Services, LLC*, 11-1240, p. 6 (La. App. 1 Cir. 12/7/12), 106 So.3d 212, 217. The issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. *Joseph v. Ratcliff,* 10-1342, p. 5 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 224. "It is the duty of the court to examine subject matter jurisdiction *sua sponte,* even when the issue is not raised by the litigants." *McGehee v. City/Parish of East Baton Rouge*, 00-1058, p. 3 (La. App. 1 Cir. 9/12/01), 809 So.2d 258, 260.

Lack of subject matter jurisdiction is properly raised by exception, and the use of summary judgment to raise the exception of lack of subject matter jurisdiction is improper. *See Woodward v. Tadlock*, 621 So.2d 875, 876 (La. App.

3d Cir. 1993). *But see Martin v. Southwest Moving & Delivery*, 29892, p. 1 (La. App. 2 Cir. 10/29/97), 701 So.2d 1351, 1353 n. 1 (affirming dismissal of lawsuit for lack of subject matter jurisdiction raised via summary judgment).[4]

The propriety of the use of summary judgment aside, Chase failed to meet its burden of proof on summary judgment. Under FIRREA, after being appointed receiver of an insolvent financial institution, the FDIC must "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver" by a specified date no less than 90 days from the date of publication. 12 U.S.C. § 1821(d)(3)(B). Moreover, the FDIC must also mail similar notices to those creditors that appear on the depository institution's books at the time of publication of the notice. 12 U.S.C. § 1821(d)(3)(C).

Without reaching the issue as to whether the FIRREA applies in this case, we find that Chase's summary judgment fails because Chase offered no evidence (and did not even assert) that the FDIC complied with FIRREA's notice requirements. *Compare Betancourt v. F.D.I.C.*, 851 F. Supp. 126 (S.D.N.Y. 1994) (court granted summary judgment based on lack of subject matter jurisdiction due to plaintiffs' failure to exhaust administrative remedies; FDIC demonstrated that it complied with FIRREA's notice requirements by publishing a general notice to creditors and mailing notice to plaintiffs and that plaintiffs failed to file an administrative claim). We cannot ascertain from the record before us whether Plaintiff's claim falls under FIRREA's jurisdictional bar and whether Plaintiff received notice mandated by FIRREA. *See Woodward*, 621 So.2d at 879 (Knoll, J.,

---

[4] We note that federal cases have authorized the assertion of lack of subject matter jurisdiction based on failure to exhaust administrative remedies under FIRREA by motion for summary judgment. *See, e.g.*, *Betancourt v. F.D.I.C.*, 851 F. Supp. 126 (S.D.N.Y. 1994); *Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259 (11th Cir. 1999).

concurring)("I . . . find that because the evidence will have to be developed at trial on the merits, the resolution of any declinatory exception of lack of subject matter jurisdiction would have to be referred to the merits."). Thus, we reverse the district court's granting of Chase's summary judgment finding lack of subject matter jurisdiction. Finding that the court enjoys subject matter jurisdiction, we now may proceed to reviewing Chase's exception of prescription.

**Exception of Prescription**

This Court has articulated the standard of review, relative to peremptory exceptions of prescription, as follows:

> Ordinarily, a party asserting a peremptory exception of prescription bears the burden of proof. *Trust for Melba Margaret Schwegmann v. Schwegmann,* 09–968, p. 8 (La.App. 5 Cir. 9/14/10), 51 So.3d 737, 742. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. *Id.* If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Rando v. Anco Insulations, Inc.,* 08–1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082. If there is as an absence of evidence, the exception of the prescription must be decided upon the properly pleaded material allegations of fact asserted in the petition, and those alleged facts are accepted as true. *Trust for Melba Margaret Schwegmann,* 51 So.3d at 742. Further, in reviewing a peremptory exception of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim. *Id.* Of the possible constructions of a prescriptive or preemptive statute, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted. *Rando,* 16 So.3d at 1083.

*Ames v. Ohle*, 11-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 390-91, *decision clarified on reh'g* (7/11/12).

We find that facts relevant to prescription need to be further developed for a proper review by this Court. *See Allen v. Michaels Dev. Co. I, LP*, 20-0330, pp. 7-8 (La. App. 4 Cir. 12/9/20), 312 So.3d 647, 652; *Doe v. Archdiocese of New Orleans*, 01-0739, pp. 10-11 (La. App. 4 Cir. 5/8/02), 823 So.2d 360, 366-67; *Caro*

7

*v. Bradford White Corp.*, 96-0120, p. 10 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 619. The nature of a cause of action must be determined prior to deciding the applicable prescriptive term and whether the alleged facts are sufficient to form the basis of an actionable claim and to toll prescription. *dela Vergne v. dela Vergne,* 99-0364, p. 8 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275; *Ames*, 11-1540, p. 6, 97 So.3d at 391.

Accordingly, for the reasons set forth herein, we reverse the judgment of the district court granting Chase's motion for summary judgment, we vacate the judgment of the district court sustaining the exception of prescription, and remand this matter for further proceedings.

**REVERSED, VACATED AMD REMANDED**