580 So.2d 1116 (1991)
A.M.K.U. TRUST
v.
Dennis TALLEY.
Dennis TALLEY
v.
Alice Meyer KATZ, et al.
Nos. 90-CA-1656, 90-CA-1657.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1117 Donald S. Martin, and Barry F. Viosca, Metairie, for appellees.
Leroy A. Hartley, Robert C. Wallace, Leroy A. Hartley & Associates, New Orleans, for appellant.
Before BARRY, WILLIAMS and BECKER, JJ.
BECKER, Judge.
This appeal arises from a consolidated petitory action involving a vacant lot in east New Orleans; defendant, Dennis Talley, seeks review of the trial court's determination that plaintiff, the Alice Mayer Katz Usufructuary Trust, is the property owner entitled to possession and that defendant is a trespasser.
The property in question is located between the Old Gentilly Road and the L & N Railroad right of way, west of the crossover from Old Chef Menteur Highway to Old Gentilly Highway. Bayou Sauvage, at one time a navigable waterway, once ran through the property from west to east.
The Katz Trust instituted a trespass action against defendant to enjoin him from trespassing on the vacant lot. Defendant answered the injunction petition by claiming ownership of the property through thirty years adverse possession. When the trial court granted a temporary injunction against Talley, he filed a petition of possession against the Katz Trust alleging he had possessed the property since 1946. The two cases were consolidated for trial, and by stipulation of the parties the case was converted to a petitory action. It was stipulated that defendant had no record title to the property and that the Katz Trust is the record owner of the property.
Talley claims to have been in adverse possession of the lot since shortly after World War II, beginning when he initiated a filling operation in the bayou at the north end of the property. By 1959, he claims he had placed a visible amount of fill on part of the lot, and at least some fill over the entire lot. As evidence of his filling operation, Talley refers to a 1966 appraisal of the property, which reports water depth on the property to be six inches to a foot deep.
Next, Talley contends that he switched the property from a fill dump to a paid landfill operation in the 1970s. In 1987, the City of New Orleans cited Talley for illegally operating this landfill on the property. Pursuant to a Department of Environmental Quality (DEQ) compliance order arising from this dumping operation, Talley capped off the entire property. According to the investigating DEQ agent, the dump extended across the entire width of the property.
Alice Mayer Katz, trustee of plaintiff, indicates that she and her mother have personally visited the property since 1960, during which time the property was low land and difficult to walk on. The Katz family leased the property to Wally Stein for dumping purposes until the late 1970s. No fences or signs were evident on the property, and the only visible activity was Stein's dumping.
The Katz family first became aware of someone claiming their property in late 1988. Two real estate agents, Steve Roth and Rob Case, visited the property with prospective purchasers in April or May of 1988 and saw no fences, signs or persons on the property. They first saw Talley on the property in November 1988, and noted in December 1988 that clearing had begun.
The trial judge held that the Katz Trust was the lot's owner and had exercised ownership and possession for more than thirty-seven years. Additionally, the court found that Talley was merely a trespasser on the lot, that he had neither occupied nor possessed any part of the lot for thirty years, and that he had not adversely, openly and notoriously possessed the lot for the required thirty years.
On appeal, defendant argues that the trial court erred when it found that he possessed no part of the disputed property for a period of thirty years. In order to acquire property by adverse possession, the possession must be continuous and uninterrupted, peaceable, public, unequivocal, and with intent to possess as owner, for a period of at least 30 years. La.Civ.Code arts. 3486, 3488 and 3476. Determination of what constitutes corporeal possession is a *1118 question of fact to be made by the trier of fact, and each case rests upon its own individual circumstances. Clifton v. Liner, 552 So.2d 407 (La.App. 1st Cir.1989); Humble v. Dewey, 215 So.2d 378 (La.App. 3rd Cir.1968).
The court of appeal may not set aside a trial court's findings of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973).
Where the factual findings are based upon determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact's findings. Only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Insurance Co., 507 So.2d 825 (La.1987); Boulos v. Morrison, 503 So.2d 1 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999 (La.1986); Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300 (La.1979). Additionally, where a fact finder's holding is based on its decision to credit the testimony of one or more witnesses, the finding can virtually never be manifestly erroneous or clearly wrong. Rosell, supra at 845; see also Jackson v. Tate, 428 So.2d 882 (La.App. 1st Cir.1983), citing McDonald v. Book, 215 So.2d 394 (La.App. 3rd Cir.1968), overruled on other grounds, Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App. 3rd Cir.1976).
Review of the trial record and the trial judge's reasons for judgment demonstrates extensive support for his findings. Talley was unable to adequately delineate any filling done by him on the lot prior to February 25, 1959. Several witnesses, including neighbors, surveyors, and a DEQ agent, indicated that the lot remained unfilled swamp area from the 1960s into the early 1970s. Anita Talley, defendant's former wife testified that he had never seen the east New Orleans lot before she took him to see it in 1966. Additionally, she testified that defendant became aware of the "adverse possession" law around 1970, when he heard of a particular case, and had studied law books on the subject. Talley himself indicated to a representative of the Louisiana DEQ in March 1987 that he did not own the lot and would get lease papers for the lot. In a deposition in previous litigation, Talley had admitted that he was not operating a landfill in 1985, and that he had operated a landfill for five or six years in the early seventies.
The burden of proving possession that is placed on a record owner, such as the Katz Trust, is much lighter than that which is placed on someone claiming adverse possession. An owner may rely on the doctrine of constructive possession in which possession of part is possession of the whole. See Ryan v. Pekinto, 387 So.2d 1325, 1329 (La.App. 1st Cir.1980).
In the present case, sufficient evidence was presented for the Court to find that the defendant did not bear his burden of proof; that is, that he failed to show continuous, uninterrupted, peaceable, public, and unequivocal possession for thirty years.
Plaintiff/appellee requests that this Court impose damages upon defendant/appellant for the prosecution of a frivolous appeal. Article 2164 of the Code of Civil Procedure authorizes the appellate court to award damages for a frivolous appeal whenever it deems them equitable. In this case, while we affirm the trial court's holding that defendant did not satisfy his burden of proof regarding adverse possession, we do not find that the appeal was so frivolous as to warrant damages.
*1119 Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff's request for damages is denied. Cost of this appeal to be borne by appellant.
AFFIRMED.