PLOTKIN, Judge.
Defendant, Schwegmann Giant Supermarkets, Inc., suspensively appeals only the trial court’s quantum awards for general damages' of $150,000.00, special damages for Mrs. Lau-riano of $11,531.78 and $15,000.00 for loss of consortium to plaintiffs husband Jorge in this slip and fall ease, which occurred on February 21, 1987.
FACTS
Plaintiff, Christina Lauriano, accompanied by her son, was shopping at Schwegmann Giant Supermarket on Airline Highway in Jefferson Parish. As she was walking down aisle 4, she slipped and fell, landing in a split-like position. She hit the floor with both knees and her back. It was later determined that plaintiff had slipped on pickle juice. Following the fall, plaintiff was assisted off the floor and was brought to the security office where an accident report was compiled. Plaintiff then returned home. Two days following the accident, plaintiff consulted a physician with complaints of pain in the right shoulder, right hip and right knee and leg and headaches. On examination, in addition to soft tissue injuries, plaintiff was found to have chondromalacia a degenerative disease of the knee. Plaintiff was started on therapy treatments administered three times per week and was provided with a prescription for pain medication. Muscle spasms were found on each of the first three monthly examinations by the physician. After the fourth month, plaintiff was referred to an orthopedic surgeon with complaints of pain in both knees and low back pain. His diagnosis was sprain of the lumbar spine associated *1343 with preexisting arthritis and possible internal derangement of her left knee, perhaps a torn cartilage. A CAT scan revealed that plaintiff had significant degenerative arthritic changes in the spine which preexisted the fall.
Dr. Manaie opined that the pain which the plaintiff was suffering was caused by the trauma of the accident. Despite the degeneration of the spine and the condition of her knees, plaintiff had up to the time of the slip and fall been unsymptomatic. Dr. Manaie further stated that the pain plaintiff was experiencing could be intermittent or constant and that it could last for several years. He also stated that it could resolve but that it has not yet done so. A second CAT scan found a disc herniation or bulge which the defendant argues could not relate to plaintiffs fall because it did not show on the initial scan.
Plaintiff was treated by Dr. Altman from February 23, 1987 until July 22, 1988 at which time exclusive care was transferred to Dr. Manaie who had been treating plaintiff since June 10, 1987. Dr. Manaie continued to treat plaintiff for pain management through the time of trial.
GENERAL DAMAGES
In the first assignment of error, appellant contends that the general damages award to Mrs. Lauriano is clearly excessive and should be reduced. The appellant argues that the degenerative changes in plaintiffs knees and back pre-existed the accident and were only' aggravated by the slip and fall. They further note that although plaintiff complained of pain in the knees she was able to walk distances, stand and bend to pick up trinkets at a parade. They claim that Mrs. Lauriano can perform her normal activities if she takes pain medication and that therefore she has no residual disability as a result of the slip and fall.
Appellee maintains that prior to her fall, she never experienced any problems with her lower back or her knees. She and her husband led a very active life. Since the accident she is unable to stand for periods to prepare meals, cannot do housecleaning as before and is unable to go dancing or do gardening. She claims that she and her husband no longer participate in their normal social functions.
Immediately after the accident, plaintiff began to experience pain in her arm and legs. Two days later when she sought medical care she complained of pain in her shoulder, right hip and leg and headaches. This pain has not resolved despite six years of medical treatment.
Addressing appellant’s argument that appellee had a pre-existing arthritic condition of the spine and degenerative disease of the knee, it is well settled in our jurisprudence that “a tortfeasor takes his victim as he finds him, and he is responsible in damages for the consequences of his tort although the damages so caused are greater because of a prior condition of the victim which is aggravated by the tort.” Reck v. Stevens, 373 So.2d 498, 502 (La.1979). Therefore, the fact that Mrs. Lauriano’s arthritic spine and knees may have predisposed her to this sort of injury is not of great significance.
In the assessment of general damages, a trier of fact has much discretion. La.Civ. Code Ann. Art 2324.1 (West Supp.1992). “The law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the trial court.” Id. at 501. “[T]he discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.” Youn v. Maritime Overseas Corp. et. al, 623 So.2d 1257 (La.1993). “Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individu *1344 al circumstances of the present case. Only-after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.” Reck at 501.
In the instant case, appellee has been under continuous treatment for the consequences of the slip and fall accident which occurred in the appellant’s store more than six years ago. She testified that she continues to have pain and is limited in what activities she can participate in. In order to join in activities she requires prescription pain medication which makes her drowsy and ultimately requires her to rest. After reviewing the record, we cannot say that the trial court abused its vast discretion assessing appellee’s general damage award of $150,000.00.
LOSS OF CONSORTIUM
The second assignment of error is that the trial court committed manifest error in granting appellee’s husband, Jorge, $15,-000.00 for loss of consortium, service and society. Appellant states that Mr. Lauriano failed to carry his burden of proof in demonstrating by a preponderance of the evidence that he experienced a loss of society and service as a result of his wife’s accident. They claim that the evidence presented on the loss of consortium claim was insufficient to support the award of $15,000.00. For an award of consortium to be made there must be a measurable or compensable loss. The elements of a loss of consortium claim are “loss of: love and affection, society and companionship, sexual relations, right of performance of material services, right of support, aid and assistance, and lastly felicity.” Vaccaro v. Smith & Imports, Inc., 539 So.2d 989, 993 (La.App. 4th Cir.1989), writs denied 541 So.2d 1391 and 1392 (La.1989). “Where the factual findings are based upon determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact’s findings. Only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief of what is said.” A.M.K.U. Trust v. Talley, 580 So.2d 1116 (La.App. 4th Cir.1991).
Mr. Lauriano testified that as a result of the injury that his wife sustained they have been unable to engage in their normal activities. He stated that, because of her pain, they no longer went dancing or to social or fund raising functions which had been an important part of their social life. He further stated that his wife no longer is able to cook, clean house, or garden as she experienced pain if she stands to long. As a result he and his son are forced to carry out the duties that Mrs. Lauriano can no longer complete. Both appellees recounted that their intimate relations have been adversely effected by the accident. They testified that the pain has significantly effected the frequency and enjoyment of - their sexual relations. When asked about his wife’s health before the accident the Mr. Lauriano stated that she was in excellent health and that none of these problems existed before the slip and fall that occurred in defendant’s store.
A review of the record demonstrates support for the trial court’s finding that sufficient evidence was presented to support the factual findings upon which the trial court based its conclusion that Mr. Lauriano suffered damages for loss of consortium. Further we do not find that the amount awarded, $15,000.00 was manifestly erroneous or an abuse of the trial court’s discretion.
Under the facts of this case and for the above stated reasons, we affirm the judgment of the trial court and award appellee, Christina Lauriano the full sum of $150,-000.00 and her husband, Jorge Lauriano, the full sum of $15,000.00. Costs of this appeal are to be borne by the defendant/appellants.
AFFIRMED.