IbDALEY, Judge.
Plaintiff, Hilda Angelo, appeals the dismissal of two related medical malpractice lawsuits which she filed following her husband’s death in 1989. The two suits were consolidated for appeal. For the reasons that follow, we affirm.
The facts of these cases were gleaned from the pleadings, memoranda and arguments of counsel. Both cases were dismissed before the merits were submitted to the trial court.
On January 26, 1989, Bernard Angelo was admitted to the Acute Psychiatric Unit of Alton Ochsner Medical Foundation and Ochs-ner Clinic. On February 12, 1989, Angelo was transferred to the Stress Treatment Unit where he was not under constant observation. While there, Mr. Angelo slashed his wrists and stabbed himself in both eyes with a coat hanger. He subsequently left Ochsner and, on December 25, 1989, he committed suicide.
¡4Mi\ Angelo’s wife, Hilda Angelo, alleges that in late July 1990, she was informed by a nurse who had worked at Ochsner during her husband’s stay that Mr. Angelo was mistreated and' that there was a cause of action against Ochsner. Suit was filed on July 5, 1991, against Alton Ochsner Medical Foundation, Ochsner Clinic, Drs. Charles K. Billings and Deborah Simkin and Nurses Leila Weaver and Nancy Davis. A medical review panel was formed and the lawsuit was dismissed as per the Medical Malpractice Statute. Thereafter the panel found no breach of the standard of care by any defendant with the exception of Nurse Weaver wherein they opined that there was “... a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.” The fact issue was “... [wjhether or not Mr. Angelo clearly communicated to Nurse Weaver active suicidal ideation and intent and/or that he was hallucinating ...” A post panel petition[1] (the Burns suit) was filed naming Alton Ochsner Medical Foundation, Ochsner Clinic, Nurse Weaver and Nurse Davis. A First Supplemental and Amending Petition was filed on May 17, 1995, adding Mr. Angelo’s son, Tony Casanave, as a party plaintiff. The suit proceeded in a normal course and, on September 10,1995, plaintiff moved to set the ease for trial.
A Pre-Trial order was signed by Judge Burns setting trial for February 5, 1996. Plaintiff requested leave on January 29,1996, eight days before the scheduled trial, to file an amending petition adding Dr. Simkin and Dr. Billings as defendants and filed a Motion to Continue Trial based on the discovery of *1015 “new evidence”. Also, plaintiffs counsel asserted that Mr. Angelo’s son, Tony Casanave, was not under contract with plaintiffs counsel and plaintiffs counsel was, therefore, unable tojsrepresent him. The “new evidence” discovered by plaintiffs counsel was a notation in Mr. Angelo’s Ochsner medical records from 1989. According to plaintiffs counsel, on January 11, 1996, two weeks before his expert’s deposition he learned for the first time that the Ochsner medical records stated that Mr. Angelo had suicidal ideations during his hospital stay in January through February 1989.
The Motion to Amend was denied as was the Motion to Continue the Trial date. On February 1,1996, counsel moved to withdraw as counsel of record for Mr. Casanave. The Court allowed Mr. Raspanti, plaintiffs counsel, to withdraw as counsel for Mr. Casanave.
On February 2, 1996, plaintiff through its counsel, Mr. Raspanti, filed a separate lawsuit alleging the same cause of action and naming Alton Ochsner Medical Foundation, Ochsner Clinic and Drs. Charles K. Billings and Deborah Simkin as defendants[2]. This new suit was allotted to Division N, Judge Susan Chehardy.
The parties appeared for trial before Judge Burns as assigned on February 5, 1996. The case was called for trial. Plaintiff moved for a dismissal without prejudice which was opposed by defendants. Plaintiffs counsel also requested a continuance to allow Mr. Casanave the opportunity to obtain new counsel. Further, counsel requested Judge Burns transfer the suit, assigned to Judge Chehardy to his Division which would also necessitate a continuance. Because Judge Burns refused to continue the case or transfer the other case, plaintiffs counsel requested a dismissal without prejudice reserving unto plaintiffs the “... right to bring any and all other claims or actions not asserted in this case and/or any claims or actions against any other parties not named in this litigation.”
|6The record shows the arguments made on the morning of trial for a continuance were also made in chambers on February 1, 1996, the Thursday before trial. Judge Burns refused the requested continuance in chambers. At trial he again denied the continuance and instructed plaintiff to proceed with his case or he would “... dismiss this case with full prejudice and end this litigation.” Plaintiffs counsel objected to the dismissal with prejudice and again requested a dismissal without prejudice. Judge Burns then denied the Motion to Dismiss Without Prejudice and instructed plaintiff to proceed with his case. Counsel stated he would not proceed with the trial and Judge Burns stated if he did not proceed he would dismiss the ease. Counsel again stated he would not proceed with the case and an order of “... dismissal with complete and full prejudice ...” was entered for lack of prosecution.
Thereafter, in the proceeding before Judge Chehardy, defendants filed an Exception of Prescription on behalf of Drs. Simkin and Billings and an Exception of Res Judicata on behalf of Ochsner Foundation and Ochsner Clinic. Following arguments, the exceptions were granted and that suit dismissed. Plaintiff timely appeals both suits. The suits were consolidated for appeal.
On appeal, plaintiff contends that Judge Burns erred in dismissing the claims with prejudice and in refusing to grant the Motion to Continue in the suit filed March 8, 1993. He also contends Judge Chehardy erred in holding the prepanel petition filed July 5, 1991, was prescribed; that the suit filed February 2, 1996, was prescribed; and that the suit filed February 2, 1996, was res judicata as to Ocshner Medical Foundation and Ochs-ner Clinic.
Plaintiffs first argument centers around Judge Burns’ refusal to grant a continuance to allow the addition of Drs. Simkin and Billings as defendants. Plaintiff contends the defense to this action was based on the fact Mr. Angelo had no prior phistory of suicidal thinking during the seventeen-day stay at Ochsner in 1989. He argues the first time plaintiff, any defendant or their counsel became aware of the fact Mr. Angelo had suicidal ideations during his 1989 Ochsner *1016 stay was on January 26,1996, when plaintiffs nurse expert was deposed. In response to a defense question, plaintiffs expert responded that the Ochsner record reflected that on the fourth day of Mr. Angelo’s Ochsner stay (January 30, 1989) he experienced suicidal thinking. This notation was contained in part of Angelo’s Ochsner medical record known as the “Beck Inventory.” Shortly after this deposition, plaintiff moved to add Drs. Simkin and Billings as defendants. This motion was denied as well as a request for a continuance based on this “new evi-' dence.” Plaintiff argues Judge Burns abused his discretion in refusing the continuance to allow him to prepare a ease against Drs. Simkin and Billings.
We disagree. LSA-C.C.P. Art. 1602 provides in pertinent part that “[a] continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence to obtain evidence material to his case.” Furthermore, the trial court has great discretion in granting or denying a continuance and that ruling will not be disturbed on appeal absent a showing of clear abuse. Coffman v. Mainhardt, 602 So.2d 264 (La.App. 2d Cir.1992); Board of Supervisors v. Holt, 572 So.2d 759 (La.App. 4th Cir.1990). Among the factors for consideration in deciding a motion for continuance are diligence, good faith and reasonable grounds. Coffman, supra; Sparacello v. Andrews, 501 So.2d 269 (La.App. 1st Cir.1986) writ denied 502 So.2d 103 (La.1987).
In the present case, we find no abuse of discretion in the trial court’s refusal to grant plaintiffs Motion for Continuance. The alleged malpractice occurred in |81989. The original suit was filed on July 5, 1991. After the medical review panel rendered its opinion, the suit allotted to Judge Burns was filed on March 8, 1993. Plaintiff filed a Motion to Set the Matter for Trial on September 12, 1995, and the case was set for trial on February 5, 1996. Plaintiff moved for a continuance on January 29, 1996, so that Drs. Simkin and Billings could be added as defendants based on the information contained in the Beck Inventory which counsel states he was not aware of until January 11, 1996. However, Drs. Simkin and Billings were originally named as defendants in the prepanel petition (filed July 5, 1991) and the Beck Inventory, which was taken on January 30, 1989, was part of Mr. Angelo’s Ochsner medical record. Additionally, Mr. Angelo’s medical record had been in counsel’s possession at least since the medical review panel hearings on August 5, 1992, and January 6, 1993. Further, the trial court and defendants agreed to submit the issue of the negligence of Drs. Simkin and Billings to the jury and to include an interrogatory that Ochsner could be held liable for the doctors’ negligence under the doctrine of respondeat superior. Accordingly, we see no abuse of the discretion of the trial court in refusing plaintiffs request for a continuance.
Next, plaintiff alleges Judge Burns erred in dismissing this case with prejudice because plaintiff moved to dismiss the case without prejudice. In support, he cites cases for the proposition that when a Motion To Dismiss Without Prejudice is before a Judge, he cannot grant the Motion to Dismiss With Prejudice. Here, Judge Burns denied the Motion to Dismiss and called the case for trial. He advised plaintiff that if he refused to put on a case that he would dismiss the suit with prejudice for failure to prosecute. Plaintiff, despite numerous warnings that a dismissal with prejudice was imminent, refused to put on his case and simply had his objection to the dismissal with prejudice noted for the record. As in the case of Noble v. Armstrong, 670 So.2d 1280 (La.App. 5th Cir.1996) writ denied, 96-659 (La.4/26/96) 672 So.2d 673, we find no abuse of the trial court’s discretion in refusing to grant a continuance and in dismissing the suit with prejudice for plaintiffs refusal to put on his case.
Concerning the suit filed on February 2, 1996, plaintiff argues Judge Chehardy erred in ruling the original prepanel suit filed July 5, 1991, was prescribed. Our review of the record does not substantiate that Judge Che-hardy made such a ruling and, therefore, this issue is not before us. Judge Chehardy’s ruling is that the suit filed February 2, 1996, is prescribed as to Drs. Simkin and Billings *1017 and res judicata as to Ochsner Foundation and Ochsner Clinic.
The issues of res judicata and prescription of the suits allotted to Judge Chehardy will be discussed together. This suit was filed February 2, 1996, and named Alton Ochsner Medical Foundation, Ochsner Clinic and Drs. Charles K. Billings and Deborah Simkin as defendants. This suit was met with an Exception of Res Judicata as to Ochsner Foundation and Ochsner Clinic and an Exception of Prescription as to Drs. Simkin and Billings. Judge Chehardy ruled that since judgment was rendered in favor of defendants in the Burns suit filed March 8, 1993, and that case was dismissed with prejudice, this suit was res judicata as to Ochsner Foundation and Ochsner Clinic. Further, because a judgment of dismissal with prejudice was rendered in favor of Ochsner for failure to prosecute, there can be no solidarity between Ochsner and Drs. Simkin and Billings. Accordingly, this case is prescribed as to Drs. Simkin and Billings.
LSA-R.S. 4231, Res judicata, sets forth the factors to apply to a subsequent suit on the issue of res judicata and provides:
| ipExcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Relitigation of the object of a judgment is barred by res judicata when there is identity of the thing demanded, the same cause of action, and the same parties appearing in the same quality. Terrebonne v. Theriot, 94 1632 (La.App. 1 Cir. 6/23/95), 657 So.2d 1358, rehearing denied, writ denied 95-2249 (La.11/27/95) 663 So.2d 743. A plea of res judicata will lie only where there has been final judgment indicative of the intention of the court which rendered judgment to dispose of the same issue which is before the court considering the plea of res judicata. Chalmette General Hospital, Inc. v. Cherry, 398 So.2d 599 (La.App. 1 Cir.1980) writ denied 400 So.2d 211 (La.1981).
Here, plaintiff acknowledges in brief that the suit allotted to Judge Chehardy involves the identical issues and was against two of the identical defendants as in the Burns suit. The only difference is that the subsequent suit included two new defendants, Drs. Simkin and Billings. Accordingly, it is clear that Judge Chehardy | nproperly found the second suit was res judicata as against Ochsner Foundation and Ochsner Clinic.
Next, plaintiff argues that because the Chehardy suit was filed before the Bums suit was dismissed, prescription was interrupted by the Burns suit. However, C.C. Art. 3463 provides:
“[a]n interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.”
Because plaintiff failed to prosecute the Burns suit at trial, the interruption of prescription is considered never to have occurred. Thus, the cause of action against Drs. Simkin and Billings has prescribed.
Plaintiff cites the case of Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986) for the proposition that because the Chehar-dy suit was filed before the Burns suit was dismissed, prescription was interrupted ren *1018 dering the Chehardy suit timely. We disagree. As stated in footnote 13 of the Hebert decision,
“[f]or purposes of this opinion and our ruling on the merit of the exception of prescription which was maintained below, we assume that the Doctor’s Memorial Hospital and Dr. Morgan are both negligent and thus solidary obligors. Needless to say, the negligence of each remains to be proved in the district court. Should plaintiff fail to prove negligence on the part of the hospital, a peremptory exception of prescription, which can be filed at any time (La.Code Civ.Pro. art. 928 B), should be maintained.”
This is the same situation as the case before us. Judgment was rendered dismissing Ochsner with prejudice for failure of plaintiff to present his case. Thus, Ochsner is not a solidary obligor with Drs. Simkin and Billings and the case against them is prescribed.
| ^Accordingly, for the foregoing reasons, the judgment of Judge Burns dismissing suit number 445-972 is affirmed. Additionally, the judgment of Judge Chehardy dismissing suit number 489-071 is affirmed.
AFFIRMED.

. This suit was assigned number 445-972 and allotted to Judge Burns. On appeal, this suit is assigned number 96-CA-509.

. This suit was assigned number 489-071 in the district court and allotted to Judge Chehardy. On appeal, this suit is assigned number 96-CA-875.