1 {.GOTHARD, Judge.
Plaintiffs, Rochelle and Yvonne Raba-thaly, appeal a judgment of the trial court which awarded damages in a personal injury action. For reasons that follow, we amend the judgment and affirm as amended.
Yvonne and her daughter, Rochelle Ra-bathaly, were injured when their vehicle was struck by a vehicle driven by defendant, Gilbert Breaux. Rochelle was driving and Yvonne was riding in the front passenger seat. The liability of Mr. Breaux was stipulated to prior to trial and is not at issue in’ this appeal.
The parties also entered into joint stipulations which established the admissibility and authenticity of medical reports of treating physicians, and that the contents of the medical reports reflect the testimony which would be given by the physicians, if called to testify. The medical bills admitted by stipulation totaled $2,458.00 as to Rochelle, and $2,715.00 as to Yvonne. Further, the parties stipulated to the fact that Yvonne Rabathaly’s treating physician, Dr. A.Z. Blamphin, could not be certain that the herniated lumbar discs were caused by the August 27, 1995 accident, but would testily that, if the condition preexisted the accident, it was more likely than not aggravated by the accident.
| sAt trial the court heard testimony from both plaintiffs. Rochelle testified that she injured her knee, neck and back in the accident. The knee injury resolved quickly, but the neck and back pain continued. She was treated conservatively by two physicians with heat treatment and therapy. With time the injury to her back was also resolved. Because her neck was still causing pain, an MRI was conducted on March 30, 1996, the results of which were within normal limits. Medical records contained in the record indicate Rochelle suffered a cervical spine strain which persisted at least until May, 1996, but was resolved by the time of trial in October, 1998. There is no evidence of any permanent injury.
Yvonne Rabathaly testified that her injuries were similar to those sustained by her daughter. She, too, was treated conservatively with electro-stimulation and therapy. She further stated that the pain in her arm and neck ended a “couple of months” after the accident, but the pain in her back persisted. Her treating physician, Dr. Blamphin, recommended she consult a neurosurgeon and have an MRI. She elected not to consult a neurosurgeon. However, she did submit to an MRI which showed herniated lumbar discs. She consulted Dr. Blamphin, who recommended surgery. Mrs. Rabathaly stated that she has elected not to have the back surgery because of adverse effects of two prior unrelated surgeries. She is still experiencing back pain. She testified that since the accident she has been unable to walk *1184 regularly for exercise as was her custom before the accident.
After hearing the evidence, the trial court took the matter under advisement and subsequently rendered judgment in favor of Rochelle in the total amount of $4,298.00, reflecting an award of $1,298.00 for medical expenses and $3,000.00 for pain and suffering. The judgment further awarded Yvonne a total amount of $6,564.50 in damages, reflecting an award of $1,564.50 for medical expenses Rand $5,000.00 for pain and suffering. In reasons for judgment the trial court stated:
The Court finds that the resulting injuries received .by Plaintiff, Rochelle Ra-bathaly were minor “whiplash” injuries. Thus, the subsequent extended therapeutic treatment and much of the medical expenses relating thereto were unnecessary or not related to this accident. While Plaintiff, Yvonne Rabathaly received similar injuries and treatment to that of her daughter, the Court notes that in his medical report dated March 9, 1997, Dr. Arthur Z. Blamphin indicates that the results of an MRI exam revealed posterior central disc herniation at L.4-5 and L.5-S.1. However, Dr. Blamphin did not testify during the trial and his one paragraph report failed to establish whether the herniation was more likely than not related to the accident of August 27,1995 or to some other unrelated condition. These are facts which must be proven by Plaintiff.
Both plaintiffs appeal the award, arguing that the damage awards are too low. In brief to this court, both plaintiffs argue that the trial court erred in addressing the issue of whether plaintiffs’ medical expenses were related to the accident, as those issues were resolved prior to trial by joint stipulations. Further, Yvonne Raba-thaly asserts the award of $5,000.00 in general damages is too low and amounts to an abuse of the trial court’s discretion.
As previously stated the question of causation and amount of specific medical damages were the subject of joint stipulations by the parties. A stipulation has the effect of a judicial admission or confession which binds all parties and the court. Cain v. Aquarius Builders, Inc. 96-66 (La.App.5Cir.7/30/96), 680 So.2d 69. While causation between the accident and the injuries was not a specific stipulation, it was stipulated that the contents of the medical reports reflect the testimony which would be given by the treating physicians should they be called to testify.
The medical reports establish that Rochelle was treated for cervical strain, lumbar strain and impact injury to the right arm from the date of the accident |suntil March 9, 1997. There was no evidence offered in contravention. As to Yvonne, the medical records show that she sustained similar injuries. Additionally, an MRI reveals posterior central disc hernia-tions at L4-5 and L5-S1 levels. There was a joint stipulation that:
... her (Yvonne) treating physician, Dr. A.Z. Blamphin, could not testify that the accident August 27, 1995(sic) was the cause of her herniated discs but would testify that if her herniated discs in fact pre-existed the accident August 27,1995, then more likely than not, the accident of August 27, 1995 aggravated her preexisting herniated discs.
It is a well established principle that a tortfeasor takes a plaintiff as he finds him for all natural and probable consequences of his tortious conduct. Roig v. Travelers Ins. Co., 96-164 (La.App. 5 Cir. 12/11/96), 694 So.2d 362, writ denied 97-0721 (La.5/1/97), 693 So.2d 739, citing, Oregon v. Prescott, 93-926 (La.App. 5 Cir. 4/14/94), 636 So.2d 1033; Perniciaro v. Brinch, 384 So.2d 392, 395 (La.1980). When the tortfeasor’s conduct aggravates a pre-existing condition, the tortfeasor must compensate the victim for the full extent of the aggravation. Roig v. Travelers Ins. Co. 694 So.2d at 378.
We are well aware of our standard of appellate review of facts determined by the trial court, and the discretion afforded the trial court in such matters. *1185 To set aside a factfinder’s determination of fact, an appellate court must review the entire record and meet the two-prong test as set out by the Supreme Court in Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). This Court must find from the record that a reasonable factual basis does not exist for the finding, and that the record establishes that the factfin-der is clearly wrong, making the finding manifestly erroneous. Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305, 1310; Krepps v. Hindelang, 97-980, 97-1034 La.App. 5 Cir. 4/15/98), 713 So.2d 519. However, given the uncontroverted facts as presented in the medical reports, and the joint stipulations of the parties, we find the trial court was manifestly erroneous in the determination that the plaintiffs’ injuries were not compensable in full. Accordingly, we amend the judgment to award the total amount of medical damages stipulated to by the parties.
 Plaintiff, Yvonne Rabathaly, also asserts the award of general damages is too low given the extent of her injuries. In a review of an award of damages, the initial inquiry by this Court, prior to reviewing apy other damage awards for purposes of a scale of reference, is whether the award for the particular injuries and their effects under the particular circumstances of the particular injured person is a clear abuse of the vast discretion of the trier of fact. Youn v. Maritime Overseas Corporation, 623 So.2d 1257 (La.1993), cert denied 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Hopstetter v. Nichols, 98-185 (La.App. 5 Cir. 7/28/98), 716 So.2d 458, writ denied 98-2288 (La.11/13/98), 731 So.2d 263; Gordon v. Levet, 96-600 (La.App. 5 Cir. 1/15/97), 688 So.2d 57, writ denied 97-0406 (La.4/4/97) 692 So.2d 418. Here, after a review of the testimony and medical evidence offered, we cannot find a manifest abuse of the trial court’s discretion.
For the forgoing reasons, we amend the judgment to award medical expenses of $2,458.00 to Rochelle Rabathaly, and $2,715.00 to Yvonne Rabathaly. In all other respects the judgment of the trial court is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.