JjTHIBODEAUX, C.J.,
dissenting.
The majority’s reliance on C.T. Traina, Inc. v. Sunshine Plaza Inc., 03-1003 (La.12/3/03), 861 So.2d 156 is misplaced. The majority asserts that “[sjince the judicial confession was never revoked on the ground of error of fact, it stands as asserted in their original petition.” C.T. Traina, Inc. v. Sunshine Plaza Inc. does not stand for the proposition that a judicial confession must be revoked specifically on the ground of error of fact. In other words, there need not be an explicit revocation with the assertion that an error of fact occurred. In C.T. Traina, Inc. v. Sunshine Plaza, the defendant, Sunshine Plaza, never revoked its judicial confession. To the contrary, the supreme court in C.T. Traina explicitly observed that the defendant, Sunshine, always recognized the existence of an oral contract.
In this case, Terrell contradicted his earlier admission of his status as a volunteer fireman in his amending petition. Terrell was operating a chainsaw while standing in a bucket of a city-owned backhoe. His deposition testimony clearly asserted that he was doing this as a community service and would not be paid for that Inactivity. He was not dressed as a volunteer firefighter and was performing the work at the request of the mayor who had requested assistance in cleaning up storm debris. A judicial confession under La. Code Civ.P. art. 1853 has two elements: (1) it must be an expressed articulation of an adverse fact, sufficient to dispense with the need for any further evidence. Jones v. Gillen, 564 So.2d 1274 (La.App. 5 Cir. 1990); (2) the adverse party must have believed the fact was no longer an issue or must have detrimentally relied on it. Alexis v. Met Life, 604 So.2d 581 (La. 1992). Terrell clearly contradicted his earlier admission and there is no showing that the insurer in this case was deceived or misled. Moreover, there is no showing whatsoever that the insurer relied to its detriment on this confession. It is clear that a party must have relied on the declaration to his detriment before it can be a judicial confession. Krepps v. Hindelang, 713 So.2d 519 (La.App. 5 Cir.1998).
The policy excludes the payment of damages “to any volunteer firefighter that results from their duties as volunteer firefighters.” (Emphasis supplied). Mr. Terrell was performing work outside the duties of a volunteer firefighter. Although the duties of a volunteer firefighter is not defined in the policy, common experience tells us that the voluntary cleaning of storm debris at the request of the mayor is not encompassed within the duties of a volunteer firefighter.
Based on the foregoing, I respectfully dissent and would reverse the trial court’s grant of summary judgment.